IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-232-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WILLIAM SCOTT MARTIN, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss the single-count indictment charging him with knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Defendant has previously been convicted of three felonies in North Carolina but contends that none of these convictions were for offenses punishable by a term of imprisonment exceeding one year.

Based on his prior record level, defendant could not have been sentenced to imprisonment for more than one year on any of his prior felony offenses, and he argues that these offenses are therefore not punishable by a term of imprisonment exceeding one year as required by 18 U.S.C. § 922(g)(1). Defendant concedes that the Fourth Circuit has previously rejected this argument.

See United States v. Harp, 406 F.3d 242 (4th Cir. 2005); United States v. Jones, 195 F.3d 205 (4th Cir. 1999). However, defendant contends that the Supreme Court's more recent decisions in United States v. Rodriquez, 553 U.S. 377 (2008), and Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), overrule Jones and Harp, and compel the conclusion that the maximum term of imprisonment for a conviction under North Carolina's Structured Sentencing Act must be determined according to the particular defendant's prior record level.

Since the filing of defendant's motion, the Fourth Circuit has reaffirmed that whether an offense is punishable by imprisonment for more than one year is determined by looking at "the maximum aggravated sentence that could be imposed upon a defendant with the worst criminal history category for that offense," and not the maximum sentence that could be imposed upon a particular defendant based on his prior record level. See United States v. Simmons, No. 08-4475, slip op. at 11 (4th Cir. Feb. 16, 2011) (rejecting, upon remand from the Supreme Court, argument that Carachuri-Rosendo overruled Fourth Circuit's decisions in Jones and Harp). The mandate has not yet issued in Simmons, and that decision may not be binding precedent at the present time; however, Jones and Harp are.

2

In this case, there is no question that defendant has previously been convicted of offenses that are punishable by imprisonment for more than one year under the Fourth Circuit's reasoning in <u>Jones</u>, <u>Harp</u> and <u>Simmons</u>. Accordingly, defendant's motion to dismiss [DE #19] is DENIED.

This 25TH day of February 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31